UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ECOMSYSTEMS, INC.,

      Plaintiff,

v.                              Case No. 8:10-cv-1531-T-33MAP

SHARED MARKETING SERVICES, INC.,
and ACE HARDWARE CORPORATION,

      Defendants.

_____/

**ORDER**

    This cause comes before the Court pursuant to Plaintiff eComSystems, Inc.'s Motion to Amend and Supplement its Infringement Contentions (Doc. # 74), which was filed on August 30, 2011.  Defendants Shared Marketing Services, Inc. and Ace Hardware Corporation filed a Response in Opposition to the Motion (Doc. # 75) on September 16, 2011, and eComSystems filed a Reply (Doc. # 83), with leave of Court, on October 11, 2011.  For the reasons that follow, the Court grants the Motion to Amend in this patent infringement action.

**Discussion**

    While patent infringement actions are governed by the law of the Federal Circuit, the grant or denial of a motion to amend is a procedural matter governed by the law of the regional circuit. <u>Pressure Prods. Med. Supplies v. Greatbatch Ltd.</u>, 599 F.3d 1308, 1315 (Fed. Cir. 2010).  Once a scheduling

order has been entered, it "may be modified only for good cause and with the judge's consent." Rule 16(b)(4), Fed.R.Civ.P. In this case, the deadline to amend passed on April 1, 2011. (Doc. # 33). Therefore, eComSystems "must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply." Pressure Prods., 599 F.3d at 1315.

Here, eComSystems seeks to amend its infringement contentions to reflect recent reexamination activity by the United States Patent and Trademark Office. At the time the Motion to Amend was filed, the PTO had yet to issue the certificates of reexamination. On January 17, 2012, eComSystems filed a Notice (Doc. # 125) indicating that "[s]ubsequent to Plaintiff's filing its motion, the United States Patent and Trademark Office has issued certificates of reexamination for each of the Patents-in-suit." Id.

Because eComSystems could not have known the content of the reexamination certificates prior to their issuance, the Court determines that eComSystems acted with due diligence and has demonstrated good cause for the requested amendment. See ZiLOG, Inc. v. Quicklogic Corp., No. 03-03725, 2006 U.S. Dist. LEXIS 12844, at *5 (N.D. Cal. Mar. 6, 2003)(allowing amendment of infringement contentions upon emergence of the relevant

patent from reexamination); <u>O2 Micro Int'l v. Monolithic Power Sys., Inc.</u>, 467 F.3d 1355, 1366 (Fed. Cir. 2006)(interpreting "good cause" to mean that "a party has been diligent in amending its contentions after the discovery of new evidence").

Pursuant to <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962), and other binding authorities, the Court deems it appropriate to allow the amendment sought, and this determination rests within the Court's sound discretion. <u>MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.</u>, 420 F.3d 1369, 1380 n.5 (Fed. Cir. 2005). The <u>Foman</u> decision enumerates the following factors that a district court may use to deny leave to amend: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. <u>Foman</u>, 371 U.S. at 182. None of those factors is present in this case. Accordingly, the Court finds good cause for the amendment. eComSystems may amend its infringement contentions on or before February 7, 2012.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff eComSystems, Inc.'s Motion to Amend and

Supplement its Infringement Contentions (Doc. # 74) is

**GRANTED.**

(2)   eComSystems may amend its infringement contentions on or

before February 7, 2012.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>25th</u>

day of January, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


copies: Counsel of Record