UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

eCOMSYSTEMS, INC.,

    Plaintiff,

v.                                             Case No. 8:10-cv-1531-T-33MAP

SHARED MARKETING SERVICES, INC.,

    Defendant.

_____/

**ORDER**

THIS CAUSE is before the Court on the following seven (7) motions: (1) Plaintiff's motion to compel responses to interrogatory numbers 2, 3, 4, 7, and 8 (doc. 90); (2) Plaintiff's motion to compel production of documents (doc. 104); (3) Plaintiff's motion for sanctions and motion to compel production of documents (doc. 119); (4) Plaintiff's motion for sanctions for failure to respond to second set of interrogatories (doc. 120); (5) Plaintiff's motion for sanctions and motion to compel for failure to attend a 30(b)(6) deposition (doc. 136); (6) Plaintiff's unopposed motion to file under seal a motion for sanctions (doc. 137); and (7) Defendant's motion to modify the amended case management report and scheduling order (doc. 128). For the reasons below, all of Plaintiff's motions are GRANTED, except Plaintiff's motion to file under seal (doc. 137) is DENIED WITHOUT PREJUDICE. The Court's prior order granting doc. 128 is VACATED, and Defendant's request to modify the case management and scheduling order is now DENIED.

Upon the Court's review, Shared Marketing Services, Inc. ("SMS") has failed to file a *single* response to *any* of Plaintiff's six (6) pending motions. Local Rule 3.01(b) states that,

"[e]ach party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request…" *L.R. 3.01(b), M.D. Fla.* Plaintiff's most recently filed motion currently before the Court (doc. 137) was filed on February 9, 2012. Accordingly, SMS has failed to comply with Local Rule 3.01(b) regarding this motion (doc. 137), and all of Plaintiff's previously filed motions (docs 90, 104, 119, 120, and 136), as more than fourteen days have passed.[1] SMS's failure to file responses is construed as SMS's lack of opposition. In addition, the Court held a show cause hearing on March 14, 2012, in which SMS's president, Rick Lattanzio, indicated SMS is insolvent and has no intention to retain new counsel.[2] As Mr. Lattanzio is aware from the Court's admonition at the show cause hearing, a corporation cannot proceed without counsel. *See L.R. 2.03(e), M.D. Fla.* SMS has also violated various Federal Rules of Civil Procedure.

Turning to Plaintiff's outstanding motion to compel responses to interrogatory numbers 2, 3, 4, 7, and 8 (doc. 90), the Federal Rules state that "[t]he responding party must serve its answer and any objections within 30 days after being served the interrogatories." *Fed.R.Civ.P. 33(b)(2)*. The responding party must answer each interrogatory "to the extent it is not objected to…separately and fully in writing under oath." *Fed. R. Civ. P. 33(B)(3)*. Defendant has failed to object to the interrogatories with specificity, as required by Fed.R.Civ.P. 33(b). The same is true of Plaintiff's second set of

---

[1] The Court notes that due to the three-day mailing rule, motions are ripe after the seventeenth day, or on day eighteen. Regardless, SMS's time to respond has long passed.

[2] The Court granted William Trueba's motion to withdraw due to SMS's termination (docs. 149, 156). As such, SMS is currently without corporate counsel.

interrogatories. Additionally, no responses to Plaintiff's motions to compel interrogatories (docs. 90, 120) has been filed. SMS has also failed to produce requested documents or respond to Plaintiff's motions to compel production of documents (docs. 104, 119). None of SMS's requested electronically stored information has yet been provided.

SMS has also made it very difficult, if not impossible, for Plaintiff to obtain a Rule 30(b)(6) deposition. On February 3, 2012, SMS filed an "emergency" motion to move the Rule 30(b)(6) deposition, which was to be taken in three (3) days, to a later date and a different city.[3] Within *hours* of SMS's "emergency" motion, I entered an order denying their request (doc. 135). SMS failed to show for the deposition scheduled on February 6, 2012, and Plaintiff's motion to compel and motion for sanctions (doc. 136) followed. SMS is in direct violation of my order.

Furthermore, Plaintiff has moved the court for permission to file a motion for additional sanctions under seal (doc. 137). The reason being SMS has failed to provide certain software, the motion for sanctions will include captures of computer software screens, and those captures will detail information about the software SMS considers highly confidential. In light of the Court's previous order granting withdraw of SMS's counsel (doc. 156) and SMS's president's statement at the March 14, 2012, hearing that he did not intend to seek additional counsel, allowing Plaintiff to file an additional motion for sanctions, in an action SMS appears to have no intent of defending, is against the interest of justice. The production of software appears to now be a moot issue as SMS

---

[3] The deposition was set to be taken on February 6, 2012, in Tampa, Florida.

no longer intends to defend itself. Should SMS change course and retain counsel, Plaintiff's motion would then be just.

Regarding Defendant's motion to modify the amended case management and scheduling order (doc. 128), the Court previously granted SMS's request (doc. 144). However, the Court conditioned its ruling on the parties filing a new case management report on or before March 1, 2012, which was to include a reduction of claims and time frame for SMS's response. Pursuant to the Court's order, Plaintiff filed a status report (doc. 151) on March 1, 2012, requesting the Court reconsider its order granting SMS's motion to modify the amended case management order because of SMS's election to terminate corporate counsel, yet again. SMS did not file a case management report or submit any other filing indicating its cooperation with the Court's order. The disregard for the Court's orders and deadlines is not looked upon favorably.

Fed.R.Civ.P. 37 permits a Court to deny a request for expenses "if it determines that opposition to the motion was substantially justified or that other circumstances would make an award of expense[s] unjust." *Reedy v. Lull Eng'g Co.*, 137 F.R.D. 405, 409 (M.D. Fla. 1991). "Sanctions allowed under [Rule] 37 are intended to: 1) compensate the court and other parties for the added expenses caused by discovery abuses, 2) compel discovery, 3) deter others from engaging in similar conduct, and 4) penalize the offending party or attorney." *Wouters v. Martin County*, 9 F.3d 924, 933 (11th Cir. 1993). The Court finds no substantial justification for SMS's actions and that sanctions are warranted within the purview of Rule 37. Should SMS fail to comply with the Court's order, such noncompliance would be grounds for dismissal. *See Moon v. Newsome*, 863 F.2d 835

(11th Cir.1989) (holding that trial court did not abuse its discretion in dismissing action for prisoner's failure to pay costs assessed as penalty for unreasonable refusal to obey discovery order.) Accordingly, it is

ORDERED:

1. Plaintiff's motion to compel responses to interrogatory numbers 2, 3, 4, 7, and 8 (doc. 90) is GRANTED. Plaintiff is awarded the reasonable expenses and costs, including attorney's fees, in making this motion. *See Fed.R.Civ.P. 37(d)(1)(A)(ii) and(d)(3).* Defendant is to respond to interrogatory numbers 2, 3, 4, 7, and 8 within ten (10) days of this order.

2. Plaintiff's motion to compel production of documents (doc. 104) is GRANTED. Plaintiff is awarded the reasonable expenses and costs, including attorney's fees, in making this motion. *Fed.R.Civ.P. 37(d)(1)(A)(ii) and(d)(3).*

3. Plaintiff's motion for sanctions and to compel production of documents (doc. 119) is GRANTED. Plaintiff is awarded the reasonable expenses and costs, including attorney's fees, in making this motion. *Fed.R.Civ.P. 37(d)(1)(A)(ii) and(d)(3)*. No additional sanctions are imposed at this time.

4. Plaintiff's motion for sanctions for failure to respond to second set of interrogatories (doc. 120) is GRANTED. Plaintiff is awarded the reasonable expenses and costs, including attorney's fees, in making this motion. *See Fed.R.Civ.P. 37(d)(1)(A)(ii) and (d)(3)*. No additional sanctions are imposed. Defendant is to respond to the second set of

interrogatories within ten (10) days of this order.

5. Plaintiff's motion for sanctions and to compel for failure to attend Fed.R.Civ.P. 30(b)(6) deposition (doc. 136) is GRANTED. Plaintiff is awarded the reasonable expenses and costs, including attorney's fees, in making this motion. *See Fed.R.Civ.P. 37(d)(1)(A)(i)*. Plaintiff is also awarded its reasonable expenses incurred due to SMS's failure to attend the deposition. SMS is to produce a witnesses and schedule a date for the Rule 30(b)(6) deposition within ten (10) days of this order.

6. Plaintiff's unopposed motion to file under seal a motion for sanctions (doc. 137) is DENIED WITHOUT PREJUDICE. Should SMS retain corporate counsel, Plaintiff should re-file its motion.

7. The Court's prior order granting SMS's motion to modify the amended case management and scheduling order is VACATED. SMS's motion to modify the amended case management and scheduling order (doc. 128) is DENIED. All other extensions requested are similarly DENIED. SMS is to abide by the deadlines set forth above or face further sanctions, including default.

DONE and ORDERED at Tampa, Florida on March 16, 2012.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record