UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ECOMSYSTEMS, INC.,

    Plaintiff,
v.    Case No. 8:10-cv-1531-T-33MAP

SHARED MARKETING SERVICES, INC.
and ACE HARDWARE CORPORATION,

    Defendants.
_____/

## ORDER

This cause is before the Court sua sponte. For the reasons that follow, the Court strikes Defendant Shared Marketing Services, Inc.'s pleadings and directs Plaintiff to promptly move for the entry of Clerk's default.

## Discussion

Plaintiff initiated this patent infringement action against Shared Marketing Services, Inc. and Ace Hardware Corporation on July 12, 2010. (Doc. # 1). Plaintiff and Ace have since settled their disputes leaving this matter pending between Plaintiff and Shared Marketing only. Plaintiff effected service of process on Shared Marketing on August 4, 2010. (Doc. # 11). Shared Marketing filed its Amended Answer and Counterclaim on October 8, 2010. (Doc. # 17). Plaintiff responded to the Counterclaim on October 25, 2010. (Doc. # 28).

Initially, Shared Marketing was represented by Daniel Casey, Esq. and Robert Leitner, Esq. (Doc. # 12). On February 18, 2011, Defendant terminated attorneys Casey and Leithner and retained David Wallace, Esq. (Doc. # 50). On November 16, 2011, attorney Wallace moved to withdraw as counsel. (Doc. # 94). The Court granted the motion and gave Shared Marketing until December 30, 2011, to retain new counsel. (Doc. # 100). Because Shared Marketing is a corporation, the Court noted that Shared Marketing is not permitted to proceed pro se. See Local Rule 2.03(e), M.D. Fla. See also Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985)("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."). The Court warned that failure to timely retain new counsel could result in a default being entered against Shared Marketing. (Doc. # 100 at 2).

On December 30, 2011, Shared Marketing filed a pro se motion for an extension of time to retain new counsel. (Doc. # 122). The Court entered an Order striking the pro se submission, but in the interest of fairness, extended the time for Shared Marketing to retain new counsel to January 20, 2012. (Doc. # 123). The Court, however, warned: "Absent a notice of appearance of counsel filed on behalf of Shared

2

Marketing by January 20, 2012, this Court will initiate the default process by striking Shared Marketing's pleadings. Thereafter, Shared Marketing will be poised for the entry of a default judgment against it." (Doc. # 123 at 3).

On January 20, 2012, William Trueba, Esq., Jorge Espinosa, Esq., and Michael E. Tschupp, Esq. filed a Notice of Appearance on behalf of Shared Marketing. (Doc. # 127). Shortly thereafter, on February 24, 2012, these attorneys moved to withdraw. (Doc. # 149). On March 15, 2012, after holding a hearing, the Magistrate Judge granted the motion to withdraw and allowed Shared Marketing until March 30, 2012, to retain new counsel. (Doc. # 156). However, the Order also indicated that Rick Lattanzio, Shared Marketing's President represented that "he had no plans to retain new counsel as his company is insolvent." Id. at 1.[1] The Magistrate Judge's March 15, 2012, Order echoed this Court's previous warnings to Shared Marketing that failure to retain new counsel could result in the entry of a default. Id. at 3. The Magistrate Judge also summarized the negative impact of Shared

---

[1] It should be noted that "a corporation's financial constraints do not excuse the requirement that it have legal representation in Court proceedings." Textron Fin. Corp. v. RV Having Fun Yet, Inc., No. 3:09-cv-2-J-34TEM, 2010 WL 1038503, at *6 (M.D. Fla. Mar. 19, 2010).

Marketing's lengthy spans without counsel:

> The Court has granted two previous motions to withdraw . . . and Mr. Trueba's motion is now the third. At the February 16, 2012, hearing, this Court granted the Defendant's motion to modify the case-management [and] scheduling order and directed the parties to file a new case management report by March 1, 2012. . . . The parties have not filed a case-management report, and the reasons appear to point to Defendant's conduct in terminating Mr. Trueba. When the Court granted their motion to withdraw, this Court warned the Defendant that, as a corporation, it can only be heard through counsel admitted to practice before the Court. As a consequence of the Defendant's actions, this Court has already modified its case-management [and] scheduling order twice. . . . In addition, the Defendant has failed to meet its longstanding discovery obligations to the Plaintiff.

Id. at 2.

As of today's date, Shared Marketing has failed to retain new counsel and the deadline for Shared Marketing to do so has expired. This Court has given Shared Marketing multiple opportunities to retain counsel and has provided ample warning regarding the consequences for failure to do so. As a corporation without counsel, Shared Marketing may neither defend against Plaintiff's complaint nor pursue its counterclaims against Plaintiff. Thus, at this juncture, the Court finds it necessary to strike Shared Marketing's pleadings based on Shared Marketing's failure to abide by the Court's clear and repeated directive to retain counsel. In

addition, the Court finds that Shared Marketing's failure to comply with its Orders constitutes failure to prosecute.

After Shared Marketing's pleadings have been stricken, Plaintiff is directed to move for the entry of a Clerk's default against Shared Marketing. Thereafter, Plaintiff should move for the entry of a final default judgment without delay. Entry of a default judgment is a proper sanction for a defendant corporation's failure to obtain counsel. See Compania Interamericana Export, Import, S.A., v. Compania Dominicana de Avaiacion, 88 F.3d 948, 951-52 (11th Cir. 1996)(upholding a district court's decision to default a corporation for failure to obtain counsel); Kaplun v. Lipton, No. 06-20327-CIV, 2007 WL 707383 (S.D. Fla. Mar. 5, 2007)(entering default judgment against corporate defendant for failure to obtain counsel per court order); Tumi v. Wally's Waterfront, Inc., No. 2:05-cv-551-FtM-29SPC, 2007 WL 678013 (M.D. Fla. Mar. 5, 2007)(finding entry of default judgment appropriate after corporate defendant failed to obtain counsel as directed by court).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to strike Defendant Shared Marking Systems, Inc.'s pleadings from the record.

(2) Plaintiff is directed to file a motion for the issuance of a Clerk's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. After such Clerk's default has been entered, Plaintiff is directed to move for final default judgment.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>2nd</u> day of April 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies: All Parties and Counsel of Record

6