IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

eCOMSYSTEMS, INC.   Case No. 8:10-cv-01531-VMC-MAP

    Plaintiff,

v.

SHARED MARKETING SERVICES, INC.,
and ACE HARDWARE CORPORATION,

    Defendants.
_____/

**AFFIDAVIT OF MICHAEL J. COLITZ, III, ESQ.
AS TO REASONABLENESS OF ATTORNEYS' FEES**

STATE OF FLORIDA        )
COUNTY OF HILLSBOROUGH  )

BEFORE ME, the undersigned authority, personally appeared Michael J. Colitz, III, who, being first duly sworn, deposes and says:

1. I am an attorney-at-law who is admitted to the Bar of the State of Florida. I am registered to Practice before the United States Patent and Trademark Office. I have been admitted to the Florida Bar since 1999. I have been admitted to practice before the United States Patent and Trademark Office since 1993.

2. I have been a partner of the law firm of GrayRobinson, P.A. in Tampa, Florida for approximately three (3) years. I was previously a partner at the law firm of Holland & Knight, LLP. I practice exclusively in the area of Intellectual Property law.

3. I am a 1991 graduate of the University of Notre Dame with a Bachelor of Science in Mechanical Engineering. I obtained my law degree from Stetson University College of Law in 1998.

4. I have always limited my practice to intellectual property law, including patent, trademark, and copyright litigation, and related prosecution and licensing. I have been substantively involved in over fifty (50) intellectual property law cases in various federal courts throughout the country.

5. I am a Registered Patent Attorney, and I am also Board Certified by the Florida Bar in Intellectual Property Law. I am a member in good standing of the District Courts for the Northern, Middle and Southern Districts of Florida, the U.S. Court of Appeals for the Eleventh Circuit, and the U.S. Court of Appeals for the Federal Circuit.

6. I frequently lecture on various topics relating to intellectual property law. I also occasionally teach patent law to graduate level engineering students at the University of South Florida.

7. I am aware of and knowledgeable of the amount customarily charged by attorneys and allowed by courts as a reasonable attorneys' fee for handling intellectual property cases.

8. I have been called upon to express an opinion as to what would constitute a reasonable attorneys' fee for the services rendered by Matthew J. Dowd and Floyd B. Chapman as attorneys for eCOMSYSTEMS, Inc. in the above captioned litigation.

9. I have reviewed the professional qualifications of Messrs. Dowd and Chapman. Mr. Dowd has been Registered to Practice before the United States Patent and Trademark Office since March 19, 2001 and has practiced law for over four years. Mr. Chapman has practiced law for over 18 years and has specialized in patent litigation for more than 17 years. Both attorneys practice with the firm of Wiley Rein, LLP in Washington, D.C.

10. I reviewed the time entries and billing narratives for Messrs. Dowd and Chapman for various motions filed in the litigation. A summary of these time entries and billing narratives is attached hereto as Exhibit "A."

11. I reviewed the time entries associated with the following motions:

  a. Plaintiff eCOMSYSTEMS, Inc.'s Motion to Compel Defendants to Supplement Responses to Interrogatory Numbers 2, 3, 4, 7 and 8 [Dkt. 90];

  b. Plaintiff eCOMSYSTEMS, Inc.'s Motion to Compel Shared Marketing Services to Produce Documents [Dkt. 104];

  c. Plaintiff eCOMSYSTEMS, Inc.'s Motion to Sanction and Compel Shared Marketing Services to Produce Documents [Dkt. 119];

  d. Plaintiff eCOMSYSTEMS's Motion for Sanctions Against Shared Marketing Services, Inc. for Failure to Respond to Second Set of Interrogatories [Dkt. 120];

  e. Plaintiff eCOMSYSTEMS's Motion to Compel and for Sanctions Against Shared Marketing Services, Inc. for Failure to Attend the 30(b)(6) Deposition [Dkt. 136].

12. In connection with Dkt. 90 (item 11(a) above), Mr. Dowd claims a fee in an amount totaling $12,220.20 for a total of 29.2 hours; Mr. Chapman claims a fee in an amount totaling $1,398.60. for a total of 2.8 hours.

13. In connection with Dkt. 104 (item 11(b) above), Mr. Dowd claims a fee in an amount totaling $15,986.70 for a total of 38.2 hours; Mr. Chapman claims a fee in an amount totaling $2,047.95 for a total of 4.1 hours.

14. In connection with Dkt. 119 and Dkt. 120 (items 11(c) and 11(d) above), Mr. Dowd claims a fee of $11,969.10 for a total of 28.6 hours; Mr. Chapman claims a fee in an amount of $2,197.80 for a total of 4.4 hours.

15. In connection with Dkt. 136 (item 11(e) above), Mr. Dowd claims a fee of $2,619.00 for a total of 6.0 hours; Mr. Chapman claims a fee in an amount of $258.75 for a total of .2 hours.

16. Mr. Dowd's standard billing rate during 2011 was $465/hr. Since 2012 Mr. Dowd's standard billing rate has been $485.00. However, Mr. Dowd's effective billing rate in this matter was substantially lower than his standard billing rate. This was achieved both by a significant reduction in the number of billable hours requested for reimbursement and a 10% discount to his standard billing rate.

17. Mr. Chapman's standard billing rate during 2011 was $555/hr. Since 2012, Mr. Chapman's standard billing rate has been $585.00. However, Mr. Chapman's effective billing rate in this matter was substantially lower than his standard billing rate. This was achieved both by a significant reduction in the number of billable hours requested for reimbursement and a 10% discount to his standard billing rate.

18. I have reviewed and examined the noted time entries in this case and have considered the following factors:

    a. the time and labor required;

    b. the novelty and difficulty of the legal and factual questions;

    c. the skill requisite to be perform the legal service properly;

    d. the exclusion of other employment by the attorneys due to the acceptance of the case;

    e. the customary fees of the bar and the fees awarded by the courts for similar services;

    f. the time and preparation for the motion;

    g.    the time and limitations imposed by the client or by the circumstances;

    h.    the amount involved and the results obtained;

    i.    the experience, reputation and ability of the attorney(s).

19.    The Affiant is of the opinion that the total number of hours sought for reimbursement and the effective hourly billing rates (as reflected in Exhibit A) are reasonable and not excessive for a case such as this and are of the magnitude that would have been charged by lawyers of the same skill level under similar circumstances.

20.    The Affiant believes that the total fees sought for reimbursement as reflected in Exhibit A were necessarily incurred in the successful prosecution of this case.

Further affiant sayeth naught.

_____
Michael J. Colitz, III

Sworn to and subscribed before me this 27th day of April, 2012, by Michael J. Colitz, III, who is ■ personally known OR ☐ has produced _____ as identification.

My commission expires:  
(seal)

_____  
(Signature of Notary)

Angela Sosik  
(Printed Name of Notary Public)

# 3123653 v2



ANGELA SOSIK  
MY COMMISSION # EE 129780  
EXPIRES: September 13, 2015  
Bonded Thru Notary Public Underwriters