# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

eCOMSYSTEMS, INC.,

        Plaintiff,

        v.

SHARED MARKETING SERVICES, INC.,
and ACE HARDWARE CORPORATION

        Defendants.

_____/

Case No.:8:10-cv-01531-VMC-MAP

Judge Virginia M. Hernandez Covington

Magistrate Judge Mark A. Pizzo

## AFFIDAVIT OF MICHAEL J. COLITZ, III, ESQ.
## AS TO REASONABLENESS OF ATTORNEYS' FEES

STATE OF FLORIDA        )
COUNTY OF HILLSBOROUGH    )

BEFORE ME, the undersigned authority, personally appeared Michael J. Colitz, III, who, being first duly sworn, deposes and says:

1.     I am an attorney-at-law who is admitted to the Bar of the State of Florida. I am registered to Practice before the United States Patent and Trademark Office. I have been admitted to the Florida Bar since 1999, I have been admitted to practice before the United States Patent and Trademark Office since 1993.

2.     I have been a partner of the law firm of GrayRobinson, P.A. in Tampa, Florida for approximately three (3) years. I was previously a partner at the law firm of Holland & Knight, LLP. I practice exclusively in the area of Intellectual Property law.

3.     I am a 1991 graduate of the University of Notre dame with a Bachelor of Science in Mechanical Engineering. I obtained my law degree from Stetson University College of Law in 1998.

4.    I have always limited my practice to intellectual property law, including patent, trademark, and copyright litigation, and related prosecution and licensing. I have been substantively involved in over fifty (50) intellectual property law cases in various federal courts throughout the country.

5.    I am a Registered Patent Attorney, and I am also Board Certified by the Florida Bar in Intellectual Property Law. I am a member in good standing of the District Courts for the Northern, Middle, and Southern Districts of Florida, the U.S. Court of Appeals for the Eleventh Circuit, and the U.S. Court of Appeals for the Federal Circuit.

6.    I frequently lecture on various topics relating to intellectual property law. I also occasionally teach patent law to graduate level engineering students at the University of South Florida.

7.    I am aware of and knowledgeable of the amount customarily charged by attorneys and allowed by courts as a reasonable attorneys' fee for handling intellectual property cases.

8.    I have been called upon to express an opinion as to what would constitute a reasonable attorneys' fee for the services rendered by the attorneys for eCOMSYSTEMS, Inc. in the above captioned litigation.

9.    I have reviewed various time entries and billing narratives for work conducted by the attorneys for eCOMSYSTEMS, INC. The attorneys for eCOMSYSTEMS, INC. were from the firms Wiley Rein, LLP, Conwell Kirkpatrick, P.A., and Remenick, PLLC.

10.    Exhibit A summarizes the time entries of various attorneys from Wiley Rein, LLP who worked on the present litigation. The summaries identify the year the

attorney was admitted to practice law, the number of hours worked, and the corresponding hourly rate. Redacted copies of the associated invoices are also included. Collectively this exhibit reflects ten (10) attorneys working a total of 1,736 hours. The amount billed is $856,078.00.

11. Exhibit B summarizes the time entries of attorney Dineed P. Wasylik from the Conwell Kirkpatrick, P.A. firm. The summaries identify when Mrs. Wasylik was admitted to practice law, the number of hours she worked, and her hourly rate. Redacted copies of the associated invoices are also included. Collectively this exhibit reflects a total of 90.7 hours worked for a total of $27,360.00.

12. Exhibit C summaries the time entries various attorneys from the Remenick, PLLC firm who worked on the present litigation. The summaries identify the year the attorney was admitted to practice law, the number of hours worked, and the corresponding hourly rate. Redacted copies of the associated invoices are also included. Collectively this exhibit reflects three (3) attorneys working a total of 361.80 hours. The amount billed is $226,452.00.

13. The total legal fees expended by all three firms in this litigation amounted to approximately $1,109,890.00. This amount is inclusive of the amount of fees that Plaintiff is seeking via a pending motion and relative to which I provided an attorneys' fee affidavit. [Dkt. 163.]

14. Exhibit D is a composite exhibit with biographical information for the attorneys working on this matter from the Wiley Rein, LLP firm.

15. Exhibit E includes biographical information from Dineen Wasylik from the Conwell Kirkpatrick, P.A. firm.

16.     Exhibit F is a composite exhibit with biographical information for the attorneys working on this matter from the Remenick, PLLC firm.

17.     I have reviewed the docket entries and various pleadings associated with the litigation. I note that the complaint was filed on July 12, 2010. [Dkt. 1.] The Complaint contained five counts alleging that Defendant Shared Marketing Services, Inc. infringed five different U.S. Patents.

18.     Pursuant to an Amended Case Management and Scheduling Order, the discovery cutoff date was set as February 14, 2012. [Dkt. 118.] The docket reflects that the case was defended and actively litigated until about March 14, 2012. On that date, Defendant Shared Marketing Services, Inc. indicated at a show cause hearing that it was insolvent. [Dkt. 156.]

19.     eCOMSYSTEMS, INC. has also filed a Motion for Default Judgment against Shared Marketing Services, Inc. [Dkt. 165.] This default motion seeks monetary damages from Shared Marketing Services, Inc. in an amount totaling $9,680,000.00.

20.     Accordingly, this case involved an amount in controversy of $9,680,000.00 and was actively litigated through the end of the discovery period.

21.     The American Intellectual Property Law Association (AIPLA) publishes a bi-annual economic survey. This survey is widely used by intellectual property attorneys in both valuing their services and estimating the fees and costs for intellectual property litigation. The 2011 survey lists nationwide means for patent litigation. These figures are broken down through different stages of litigation and by the total amount in controversy. According to the survey, a patent case that is litigated through the end of discovery and

that has an amount in controversy of between $1 to $25 million has a nationwide mean total cost of $1,633,000.00.

22.     "Total costs" as used in the survey represents all costs including outside legal and paralegal services, local counsel, associates, paralegals, travel and living expenses, fees and costs for court reporters, photocopies, courier services, exhibit preparation, analytical testing, expert witnesses, translators, surveys, jury advisors, and similar expenses.

23.     In this case, the total amount billed for legal services was approximately $1,109,890.00. This is considerably less than the mean total cost identified in the AIPLA survey. This suggests that the total amount billed for legal fees in this matter is in accordance with the national average for this type of litigation.

24.     The AIPLA does not take into account the number of patents being litigated or the complexity of the underlying technology. In this case, there were five patents being litigated and the patented technology related to systems and methods for computer-created advertisements. Accordingly, I believe the total amount billed is also reasonable given the large number of patents being litigated and the complexity of the underlying technology.

25.     I have reviewed and examined the noted time entries in this case and have considered the following factors:

    a.     the time and labor required;

    b.     the novelty and difficulty of the legal and factual questions;

    c.     the skill requisite to perform the legal service properly;

    d.     the exclusion of other employment by the attorneys due to the acceptance of the case;

e.     the customary fees of the bar and the fees awarded by the courts for similar services;

f.     the time and preparation for the motion;

g.     the time and limitations imposed by the client or by the circumstances;

h.     the amount involved and the results obtained;

i.     the experience, reputation and ability of the attorney(s).

26.     The Affiant is of the opinion that the total number of hours sought for reimbursement and the effective hourly billing rates (as reflected in Exhibits A, B, and C) are reasonable and not excessive for a case such as this and are of the magnitude that would have been charged by lawyers of the same skill level under similar circumstances.

27.     The Affiant believes that the total fees sought for reiumbursement as reflected in Exhibits A, B, and C were necessarily incurred in the successful prosecution of this case.

Further affiant sayeth naught.

_____
Michael J. Colitz, III

Sworn to and subscribed before me this 6th day of June 2012, by Michael J. Colitz, III, who is ☑ personally known OR ☐ has produced _____ as identification.

My commission expires:
*(Seal)*

_____
*(Signature of Notary)*

ANGELA SOSIK
MY COMMISSION # EE 129780
EXPIRES: September 13, 2015
Bonded Thru Notary Public Underwriters

_____
*(Printed Name of Notary Public)*

# 3215102 v1